NORTHCUTT, Judge,
Dissenting.
I agree with the dissenting opinions of Judges LaRose and Casanueva. With one exception, I also agree with Judge Wallace’s dissenting opinion. My only difference is with Judge Wallace’s view that the advice given to M.A.B. that he could exercise his rights at any time during the interview was confusing and contradictory. I believe that, in context, that statement easily would be understood to mean that the suspect could have a lawyer appointed at any time during the interview and then talk to the lawyer before answering any of the officers’ questions.
The problem, as Judge Wallace’s opinion ably details, is that the ability to talk to a lawyer before answering a question is not the same as having the lawyer present during questioning. At most custodial interrogations, the attendee who is least likely to discern that the suspect should consult counsel before answering a particular question is the suspect himself. Moreover, even if the suspect appreciates his need to seek legal counsel before answering a question, he might hesitate to do so for fear that it would make him appear guilty or cause the interrogators to focus their investigation on a particular area of inquiry.
As described in the warning given in this case, M.A.B.’s right to counsel consisted of seeking advice about a particular question, thus leaving M.A.B. on his own to assess the potential ramifications of answering a question before seeking legal counsel. As such, it simply was not a “fully effective equivalent” of a warning that would have “clearly informed” M.A.B. that he had a “right to consult with a lawyer and to have the lawyer with him during interrogation.” Miranda, 384 U.S. at 471, 86 S.Ct. 1602 (emphasis supplied).